Henry, Bruce R., J.,
This matter came onto be heard on the request of the plaintiff for injunctive relief seeking an order that he is an eligible candidate for the position of Director and preventing the defendants from excluding his name from the ballot in the election scheduled to take place on April 4, 2005. Given the imminence of the election, I will not issue a detailed exposition of the facts or of the applicable law. Having reviewed the submissions of all concerned, including the affidavits of Mr. Horan, Brian Sheehy, Mark Gillespie, Emily Cooney, Edward Irvin, John Coakley, Francis Joyce, Michael Berio, Gary Kravetz, Esq., Michael Hogan, Ilse Sullivan, James Griffin, Matthew Duggan, and Philip O’Connor, and having considered the arguments of counsel for the parties, I find that the plaintiff has met his burden as set out in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609 (1980); therefore, I will order the injunctive relief sought.
Although the question of the likelihood of success is a close one, Horan has established that he has a substantial chance of success once the merits are fully explored. The bylaws, in Article IX, governing who may be a candidate for election to the Credit Union Board of Directors spell out the criteria which “shall apply” to each candidate. It is not disputed that he meets those criteria. The bylaws provide no other guidance as to how the Election Committee is to review potential candidates for placement on the ballot. While there is appeal to the arguments of the defendants that the Election Committee must be able to consider factors other than those enumerated in the bylaws, there is nothing in the bylaws which gives it that power. Similarly, the argument that Horan is not a member “in good standing” is weakened by the fact that there is no definition of what it means to be “in good standing.” While the Board has begun an expulsion process by sending Horan notice of his impending expulsion (dated 3/31/05), he remains a member of the credit union and has met the criteria established by the bylaws.
I find that there will be irreparable harm to Horan if his name is not included on the ballot. If he is not listed as a candidate, it does not appear that he can be elected. Once the election is held, Horan will have lost the opportunity to be elected to the Board in this election. The fact that he has never run for office in the past or that he could run in a future election is irrelevant to the fact that he will suffer harm which is irreparable. On the other hand, there is no irreparable harm to the defendant if Horan’s name appears on the ballot. He may not be elected. If he is elected, the Board may continue with its effort to expel him from membership and, if successful, remove him from the office. Weighing the potential harms to the parties, I find that the risk of irreparable harm to Horan substantially outweighs any potential harm to the Credit Union.

ORDER

For the foregoing reasons, the defendant is ORDERED to place the name of John Horan on the ballot as a candidate for election to the Credit Union Board of Directors for the election scheduled to take place on April 4, 2005.